```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

DAVID O. NEIL,

                              Petitioner,

    -vs-

SANDRA AMOIA, Superintendent,

                              Respondent.

**No. 6:14-cv-06573-MAT**
**DECISION AND ORDER**

## I. Introduction

Pro se petitioner David O. Neil ("Petitioner") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the basis that he is being detained in Respondent's custody in violation of his Federal constitutional rights. Petitioner is incarcerated as the result of a judgment of conviction entered against him on September 26, 2011, in Steuben County Court of New York State (Furfure, J.), following his guilty plea to one count of Attempted Arson in the Second Degree (N.Y. Penal Law ("P.L.") §§ 110.00, 150.15).

## II. Factual Background and Procedural History

The conviction here at issue stems from Petitioner's involvement in setting a fire in the apartment of Sheila Tamayo in Bath, New York, on the morning of January 1, 2011.

By Indictment No. 2011-117, a Steuben County Grand Jury charged Petitioner with Arson in the Second Degree (P.L. § 150.15),

Burglary in the Second Degree (P.L. § 140.25(2)), and Criminal Mischief in the Third Degree (P.L. § 145.05(2)).

On August 25, 2011, Petitioner, with counsel present, agreed to plead guilty to attempted second-degree arson in full satisfaction of the indictment, and also in satisfaction of a pending charge in the Bath Town and Village Court for seventh-degree drug possession. In exchange for his plea, the trial court agreed to sentence him, as a second felony offender, to a determinate term of 5 years in prison to be followed by 5 years of post-release supervision ("PRS").

After Petitioner pled guilty and was sentenced to the agreed-upon term of imprisonment and PRS, he pursued a counseled direct appeal. On December 27, 2013, the Appellate Division, Fourth Department, of New York State Supreme Court unanimously affirmed his conviction. People v. Neil, 112 A.D.3d 1335 (3d Dep't 2013). On July 14, 2014, the New York Court of Appeals denied leave to appeal. People v. Neil, 23 N.Y.3d 1040 (2014).

This timely habeas petition followed, in which Petitioner raises the following grounds for relief: (1) the guilty plea was involuntary because (a) Petitioner's statements during the allocution cast doubt on an element of the crime; and (b) the trial court failed to make sufficient inquiry as to whether, at trial, Petitioner could have presented evidence of intoxication to negate his intent; and (3) defense counsel erroneously failed to advise

Petitioner that he could present evidence of intoxication to negate the element of intent. Respondent has filed a memorandum of law in opposition to the petition, conceding that all of Petitioner's claims are exhausted, but arguing that they are without merit. Petitioner did not file a reply.

For the reasons discussed below, a writ of habeas corpus will not issue.

**III. Merits of the Petition**

    **A.    Insufficient Plea Allocution**

Petitioner contends that his plea was involuntary because his statements during the allocution cast doubt on whether he knew there was a reasonable possibility that a non-participant in the crime was present in the building when he set the fire,[1] and because the trial court failed to conduct further inquiry into whether Petitioner's alleged intoxication negated his criminal intent. On direct appeal, the Fourth Department held that no factual colloquy was required because Petitioner had pled guilty to a lesser crime than that charged in the indictment. See People v. Neil, 112 A.D.3d at 1336 (citation omitted).

It is well settled that "due process does not mandate a factual basis inquiry by state courts" into a defendant's guilty

---

[1] Petitioner pled guilty to second-degree arson, which requires the prosecution to prove that a non-participant was in the building and that the defendant "kn[e]w[ ] that fact or the circumstances are such to render the presence of such a person therein a reasonable possibility." N.Y. PENAL LAW § 150.15(a), (b).

plea. Willbright v. Smith, 745 F.2d 779, 780 (2d Cir. 1984) (citing Roddy v. Black, 516 F.2d 1380, 1385 (6th Cir.) ("[T]here is no constitutional requirement that a trial judge inquire into the factual basis of a plea. The requirement that a federal trial judge inquire into the factual basis of a plea stems from Rule 11, FED. R. CRIM. P., rather than from the Constitution."), cert. denied, 423 U.S. 917 (1975); Wade v. Coiner, 468 F.2d 1059, 1060 (4th Cir. 1972) ("[S]tate judges may choose to engage in the colloquy mandated for their federal colleagues by [Federal] Rule [of Criminal Procedure] 11, but there is nothing in Boykin [v. Alabama, 395 U.S. 238 (1969)] that requires them to do so."); other citations omitted).

Petitioner also attacks the factual sufficiency of his plea allocution by arguing that the trial court was obligated to inform him of the potential availability of an "intoxication defense" based on evidence that he had committed the crime after a night of consuming alcohol and drugs. This claim is without merit. "[A] distinction exists, for purposes of due process, between an element of a crime and an affirmative defense to that crime." Ames v. New York State Div. of Parole, 772 F.2d 13, 15 (2d Cir. 1985), cert. denied, 475 U.S. 106 (1986). "'[D]ue process does not require that a defendant be advised of every basis on which he might escape or receive a lesser punishment for an offense that he has committed. The distinction is particularly strong where, as is the

case here, the burden of persuasion[2] with respect to the appropriate defense rests on the defendant.'" Panuccio v. Kelly, 927 F.2d 106, 111 (2d Cir. 1991) (holding that habeas petitioner's "claim that his plea was invalid because neither his counsel nor the trial court informed him of the affirmative defense of intoxication is . . . without merit") (quoting Mitchell v. Scully, 746 F.2d 951, 956-57 (2d Cir. 1984), cert. denied, 470 U.S. 1056 (1985)).

In sum, Petitioner's contentions regarding the alleged factual deficiencies in his plea allocution do not amount to errors of Federal constitutional magnitude. See, e.g., Ames, 772 F.2d at 15 ("Assuming . . . that Ames was not informed of the fake pistol affirmative defense, a defense that he would have had to prove by a preponderance of the evidence, this did not render his plea involuntary. We discern no constitutional defect in the trial court's inquiry into whether there was a factual basis for Ames's plea.") (internal and other citations omitted). Habeas relief is accordingly not warranted.

### B. Ineffective Assistance of Counsel

Petitioner asserts, as he did on direct appeal, that defense counsel was ineffective for allegedly failing to advise him that if

---

[2] Under New York law, "[i]ntoxication is not, as such, a defense to a criminal charge; but in any prosecution for an offense, evidence of intoxication of the defendant may be offered by the defendant whenever it is relevant to negative an element of the crime charged." N.Y. PENAL LAW § 15.25.

he proceeded to trial, he could attempt to mitigate his criminal intent by providing proof of his intoxication. The Fourth Department rejected this contention, holding that Petitioner received "meaningful representation inasmuch as he received an advantageous plea" and that "nothing in the record casts doubt on the apparent effectiveness of counsel[.]" Neil, 112 A.D.3d at 1336 (quotation and citation omitted).

"Defendants have a Sixth Amendment right to counsel, a right that extends to the plea-bargaining process." Lafler v. Cooper, 132 S. Ct. 1376, 1384 (2012) (citations omitted). The Supreme Court has held "the two-part Strickland v. Washington test applies to challenges to guilty pleas based on ineffective assistance of counsel." Id. (quoting Hill v. Lockhart, 474 U.S. 52, 58 (1985)). "In the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice." Lafler, 132 S. Ct. at 1384 (citations omitted).

"[W]hen a defendant has pled guilty on the advice of counsel and then challenges the plea on the ground that it was not voluntary and knowing because he was not apprised of an affirmative defense," evaluation of counsel's competency involves assessing "[t]he likelihood that an affirmative defense will be successful at trial . . . ." Panuccio, 927 F.2d at 111 (citing Mitchell, 746 F.2d at 957); see also Hill, 474 U.S. at 59 (explaining that Strickland's prejudice prong, as applied in the plea context, "will

depend largely on whether the affirmative defense likely would have succeeded at trial").

Petitioner has failed to direct the Court to any evidence suggesting that, had he gone to trial, an intoxication defense "likely would have succeeded[,]" Hill, 474 U.S. at 59. As an initial matter, intoxication is not a complete affirmative defense to a criminal charge; rather, it merely reduces the severity of the offense by negating the specific intent element of the crime charged. People v. Harris, 98 N.Y.2d 452, 474 n. 4 (2002) (citing N.Y. PENAL LAW § 15.25). "While the requisite level of intoxication need not be to the extent of depriving the accused of all power of volition or of all ability to form an intent, the degree of intoxication that a defendant must demonstrate is quite high." Velasquez v. Ercole, 878 F. Supp.2d 387, 408 (E.D.N.Y. 2012) (quotation and citations omitted); see also Grimes v. Lempke, No. 10-cv-68, 2014 WL 1028863, at *14 (N.D.N.Y. Feb. 12, 2014) (finding insufficient evidence of a potentially meritorious defense of intoxication where the petitioner had "not directed [the court] to any evidence in the record regarding the quantity of drugs he ingested, the amount of time that elapsed between the time the drugs were taken and the time the criminal acts occurred, nor what effect those drugs had on his ability to form the requisite intent").

During the pre-sentence investigation, Petitioner told his probation officer that on the night before he set the fire, he had been drinking vodka and smoking crack cocaine with the victim. Once they ran out of drugs, the victim suggested getting more, so he gave her some money and she purchased more crack cocaine which they shared. The next morning, "after waking up[,] they were both crashing and she suggested getting more crack so he supplied her this time with $40 and she went to purchase it. When she did not return for some time, [Petitioner] contacted her by phone and when he realized she had smoked it all[,] he said he snapped and remembers saying that he would burn her house down. [Petitioner] then professed even though he threatened her he does not remember actually setting the fire and feels extremely bad." (SR.048). Rather than supporting a viable defense of intoxication, Plaintiff's statements suggest that he was sober enough to engage in goal-oriented conduct aimed at retaliating against the victim for "ripping him off." Even assuming Petitioner was still intoxicated to some degree at the time he set the fire, it clearly did not interfere with his ability to formulate and execute a plan. Based on the meager and equivocal evidence provided, the Court cannot agree that Petitioner likely would have succeeded had he mounted an intoxication defense. Because Petitioner has not shown that there is a "reasonable probability" that he would have gone to trial had his attorney informed him that he could assert an

intoxication defense, he cannot demonstrate that he was prejudiced by counsel's performance. Because Petitioner cannot successfully demonstrate deficient performance, the Court need not consider the performance prong of Strickland. See, e.g., Soto v. Portuondo, No. 02-CV-28(FB), 2004 WL 2501773, at *7 (E.D.N.Y. Nov. 5, 2004) ("The Court need not reach the question of whether [counsel] failed to provide reasonable professional assistance by deciding not to inform Soto of or consider presenting the defense because the Court analyzes this claim under the 'prejudice' prong of the Strickland analysis.") (citations omitted).

**IV. Conclusion**

For the reasons stated above, petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the petition is dismissed. Because Petitioner has failed to make a substantial showing of a denial of a constitutional right, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253.

**SO ORDERED.**

S/Michael A. Telesca

_____

HONORABLE MICHAEL A. TELESCA
United States District Judge

Dated:   May 9, 2016
         Rochester, New York.